UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOAQUIN HERNANDEZ-AYALA,<br><br>　　　　　　　　　Petitioner,<br>　　v.<br><br>ROBERT LEGRAND, et al.,<br><br>　　　　　　　　　Respondents. | Case No. 3:13-cv-00134-MMD-WGC<br><br>ORDER |

Before the Court are the first amended petition for writ of habeas corpus (dkt. no. 11), respondents' motion to dismiss (dkt. no. 18), petitioner's opposition (dkt. no. 25), and petitioner's reply (dkt. no. 27). Also before the Court are petitioner's motion to stay (dkt. no. 26), respondents' opposition (dkt. no. 31), and petitioner's reply (dkt. no. 34). The Court finds that the one ground over which the parties contest exhaustion is exhausted. The Court finds that a stay is warranted for at least one of the grounds that the parties agree is not exhausted.

After a jury trial, petitioner was convicted of one count of sexual assault with a minor under 14 years of age and one count of lewdness with a child under the age of 14. Exh. 29 (dkt. no. 13). Petitioner appealed, and the Nevada Supreme Court affirmed. Exh. 45 (dkt. no. 13).

Petitioner then filed a proper-person post-conviction habeas corpus petition in state district court. Exh. 51 (dkt. no. 13). The state district court denied the petition. Exh. 57 (dkt. no. 13). Petitioner appealed. The Nevada Supreme Court reversed and

remanded for appointment of counsel. Exh. 59 (dkt. no. 13). The state district court appointed counsel, who filed a supplemental habeas corpus petition. Exh. 63 (dkt. no. 14). The state district court then denied the petition again. Exh. 68 (dkt. no. 14). Petitioner appealed, and the Nevada Supreme Court affirmed. Exh. 83 (dkt. no. 14).

Petitioner then commenced this action. The Court appointed counsel, who filed the first amended petition (dkt. no. 12).

Respondents argue that petitioner has not exhausted his available state-court remedies for grounds 5, 6, 7 and 9, and ground 1 in part. Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*); *Anderson v. Harless*, 459 U.S. 4, 6 (1982).

"[A] petitioner for habeas corpus relief under 28 U.S.C. § 2254 exhausts available state remedies only if he characterized the claims he raised in state proceedings *specifically* as federal claims. In short, the petitioner must have either referenced specific provisions of the federal constitution or statutes or cited to federal case law." *Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir. 2000) (emphasis in original), *amended*, 247 F.3d 904 (9th Cir. 2001). Citation to state case law that applies federal constitutional principles will also suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (*en banc*). "The mere similarity between a claim of state and federal error is insufficient to establish exhaustion. Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion.) *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).

Ground 1 is a claim that the police coerced petitioner into making incriminating statements. Petitioner presented a similar claim on direct appeal. Exh. 41, at 16-17 (dkt.

2

no. 13). The difference, respondents argue, is that petitioner presented the claim to the Nevada Supreme Court only as a matter of physical intimidation, and not also as a matter of psychological pressure. The Court disagrees. First, as petitioner notes, both he and the Nevada Supreme Court mentioned that a statement is involuntary if made under psychological pressure. *Id.* at 16; Exh. 45, at 2 (dkt. no. 13). Second, petitioner presented largely the same facts to the Nevada Supreme Court that he presented to this Court. Third, the Nevada Supreme Court's analysis turned both on the lack of visible injuries to petitioner and his demeanor during the interrogation. It is hard to see how the Nevada Supreme Court's analysis could have been any different if either petitioner or that court used the word "psychological" more than they actually did. Ground 1 is exhausted.

The parties agree that grounds 5, 6, 7 and 9 are not exhausted. Instead, the dispute is whether the Court should stay this action while petitioner returns to state court to exhaust those grounds. To obtain a stay, petitioner must show that he has "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.) *Rhines v. Weber*, 544 U.S. 269, 278 (2005). Regarding the third factor, the court sees no indication that petitioner has been intentionally dilatory.

Ground 5 is a claim that counsel provided ineffective assistance because counsel did not investigate the case sufficiently. In state court, petitioner did claim that counsel failed to investigate the dislike that the victim's aunt had toward petitioner. In the first amended petition, petitioner presents the same claim, but he has supplemented the claim with declarations that have not been presented to the state courts. *See* Exh. 86-89 (dkt. no. 14). Petitioner also has added a claim that counsel did not investigate the victim's hypersensitivity to touch, which he has not presented to the state courts. The declarations are from current counsel's investigator and from people who knew petitioner, the victim, the victim's mother, and the victim's aunt. The information that petitioner presents now is information that petitioner's state habeas corpus counsel

could have learned through investigation of the claim that trial counsel did not investigate. In light of *Blake v. Baker*, 745 F.3d 977 (9th Cir.), *cert. denied* 135 S. Ct. 128 (2014), there is good cause to excuse the failure to exhaust because state post-conviction counsel did not find this information.

The Court also finds that ground 5, as presented now, is a colorable claim of ineffective assistance of counsel. Respondents argue that the Court should not consider the declarations when determining whether ground 5 has potential merit, but the Court sees no other way to evaluate the potential merit of an unexhausted claim. Indeed, as petitioner notes, during the state habeas corpus proceedings the respondents twice argued that petitioner had failed to present any evidence in support of the claim. *See* Exh. 53 at 6-7 (dkt. no. 13); Exh. 64 at 4 (dkt. no. 14). The claim might be shown to have no merit, but that is not a decision that the Court can make at this moment.

Given that a stay is warranted for the exhaustion of ground 5, the Court need not inquire any further on grounds 6, 7 and 9.

It is therefore ordered that the motion to dismiss (dkt. no. 18) is granted in part. Grounds 5, 6, 7 and 9 are unexhausted.

It is therefore ordered that petitioner's motion to stay (dkt. no. 26) is granted.

It is further ordered that this action is stayed pending exhaustion of the unexhausted claims. Petitioner shall return to this Court with a motion to reopen within forty-five (45) days of issuance of the remittitur by the Nevada Supreme Court at the conclusion of the state court proceedings. Further, petitioner or respondents otherwise may move to reopen the action and seek any relief appropriate under the circumstances.

It further is ordered that the Clerk of Court shall administratively close this action until such time as the Court grants a motion to reopen the action.

DATED THIS 11th day of March 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE