UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JOAQUIN HERNANDEZ-AYALA,

Petitioner,

v.

ROBERT LEGRAND, *et al.*,

Respondents.

Case No. 3:13-cv-00134-MMD-WGC

ORDER

I. **SUMMARY**

Before the Court are the first amended petition for writ of habeas corpus (ECF No. 11), respondents' motion to dismiss (ECF No. 41), petitioner's opposition (ECF No. 44), and respondents' reply (ECF No. 45). The Court finds that grounds 5, 6, 7, and 9 of the first amended petition are procedurally defaulted, and the Court dismisses them.

II. **RELEVANT BACKGROUND**

The parties are familiar with the procedural history of this case, and the Court recites only what it needs to resolve the motion to dismiss. After petitioner's convictions were upheld, he filed a proper-person post-conviction habeas corpus petition in the state district court. (Exh. 51 (ECF No. 13-28).) That petition includes claims that are now grounds 6 and 7 of the federal first amended petition. The state district court denied the petition. (Exh. 57 (ECF No. 13-34).) On appeal, the Nevada Supreme Court reversed and remanded for appointment of counsel, and did not address the merits of any of the claims. (Exh. 59 (ECF No. 13-36).) After being appointed, counsel filed a supplemental petition. (Exh. 63 (ECF No. 14-2).) The state district court again denied the petition. (Exh. 68 (ECF

No. 14-7).) Petitioner appealed. As to the claims that are now grounds 6 and 7, petitioner argued only that the state district court erred because it did not hold an evidentiary hearing on the original, proper-person claims. (Exh. 77 at 19-20 (ECF No. 14-16 at 25-26).) The Nevada Supreme Court noted that petitioner had not presented any argument why the denials of those claims on their merits were erroneous. (Exh. 83 at 5 (ECF No. 14-22).)

In that first state post-conviction habeas corpus petition, petitioner did not raise the claims that are now grounds 5 and 9 of the federal first amended petition.

The parties agreed that grounds 5, 6, 7, and 9 were not exhausted in the state courts, and the Court stayed the action to allow petitioner to exhaust them. (Order (ECF No. 35).)

Petitioner filed another post-conviction habeas corpus petition in the state district court. (Exh. 90 (ECF No. 37-1).) The state district court determined that the petition was procedurally barred because it was untimely under NRS § 34.726(1) and successive or available in prior proceedings under NRS § 34.810. (Exh. 94 (ECF No. 37-5).) On appeal, the Nevada Supreme Court affirmed for the same reasons. (Exh. 100 (ECF No. 37-11).) Petitioner then returned to this Court, and the motion to dismiss followed.

## III. DISCUSSION

A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state-law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson,* 501 U.S. 722, 730-31 (1991).

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Id.* at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The grounds for dismissal upon which the Nevada Supreme Court relied in this case are adequate and independent state rules. *Vang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003) (NRS § 34.810);

*Loveland v. Hatcher*, 231 F.3d 640 (9th Cir. 2000) (NRS § 34.726); *Moran v. McDaniel*, 80 F.3d 1261 (9th Cir. 1996) (same).

Grounds 5, 6, 7, and 9 are claims of ineffective assistance of trial counsel. In *Martinez v. Ryan,* 566 U.S. 1, 14 (2012), the Supreme Court determined that when a state requires a prisoner to raise an effective-assistance-of-trial counsel claim in a collateral proceeding, a prisoner may show cause for a default of such a claim in two ways:

> The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984). To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.

*Id*. The Court subsequently re-stated *Martinez* as a four-part test:

> [W]here (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law requires that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding."

*Trevino v. Thaler*, 569 U.S. 413, 423 (2013).

Here, petitioner presents no other arguments why the procedural defaults of grounds 5, 6, 7, and 9 should be excused. There is no dispute in this case that the first state habeas corpus petition was the first time that petitioner could have raised claims of ineffective assistance of trial counsel, and the last two parts of the *Trevino* test are met.

In the first state habeas corpus proceedings, the state district court denied on the merits the claims that are now grounds 6 and 7. These grounds were not exhausted because in the appeal after remand petitioner did not present the claims to the Nevada Supreme Court. *Martinez* does not apply when the procedural default is caused by *appellate* post-conviction counsel. *Martinez,* 566 U.S. at 16. The Court thus dismisses grounds 6 and 7.

///

3

The procedural history of grounds 5 and 9 is different. Petitioner did not raise them at all in the first state habeas corpus proceedings. Petitioner was represented by counsel in those proceedings. The questions are whether they are substantial claims of ineffective assistance of trial counsel and whether post-conviction counsel was ineffective for not raising the claims.

Ground 5 contains two claims of ineffective assistance of counsel. First, petitioner claims that counsel failed to investigate that Blanca Zaragoza, the aunt of the victim, did not like petitioner, thus giving her reason to accuse petitioner falsely. Counsel did present evidence that Blanca did not like petitioner; she admitted that on cross-examination. (Exh. 17 at 129-30 (ECF No. 12-17 at 130-31).) Reasonable counsel would not have wanted to examine Blanca more than that, because she might have started giving specific examples why she does not like petitioner that could have been damaging to him.

Second, petitioner claims that counsel should have investigated that the victim J.F. tended to overreact to people touching her. Petitioner was found guilty of one count of sexual assault with a minor under 14 years of age, for digital penetration of J.F.'s vagina, and one count of lewdness with a child under the age of 14, for touching, rubbing, or fondling the buttocks of J.F. J.F. testified at trial that petitioner did these things. (Exh. 17 at 107-13 (ECF No. 12-17 at 108-14).) J.F.'s mother testified that J.F. told her that petitioner did these things. (Exh. 17 at 83-84 (ECF No. 12-17 at 84-85).) Petitioner admitted to the police that he did these things. (Exh. 22 at 74, 87-88 (ECF No. 12-22 at 75, 88-89).) Counsel was unsuccessful in the attempts to have those statements excluded or suppressed. When it came time for trial, counsel knew that these statements would be admitted, and thus the evidence would show that petitioner did the acts charged.[1] If counsel had pursued overreaction-to-touching at trial, he would have been arguing that J.F. overreacted to *indisputably illegal digital penetration and rubbing of her vagina.* This

---

[1] Petitioner does claim in other grounds of the first amended petition that the admission of these statements violated the Constitution. For the purposes of this order, the Court assumes that those claims are without merit. If they do have merit, and the Court will examine the merits of those claims later, petitioner could obtain relief based upon those claims, regardless of what happens to ground 5.

4

1  defense would not have had a reasonable likelihood of a more favorable result at trial for
2  petitioner.
3     Accordingly, the Court finds that Ground 5 does not present a substantial claim of
4  ineffective assistance of counsel.
5     Ground 9 is a claim that counsel failed to challenge J.F.'s competence to testify. J.F. could not give her birth date, and she could not name her first-grade teacher (she had just moved to a new school), but the prosecutor's preliminary questions showed that she was capable of knowing the difference between the truth and a lie. (Exh. 17 at 98-106 (ECF No. 12-17 at 99-107).) The state district court found that G.F., J.F.'s brother, did not know the difference between the truth and a lie and that he did not understand the oath that he took. (*Id.* at 43-47 (ECF No. 12-17 at 44-48).) The discussion on G.F. then went to whether his mother could testify about hearsay statements that G.F. made to her. However, counsel was able to discern the difference between the abilities of J.F. and G.F. to understand the difference between the truth and a lie.

   Petitioner also supports ground 9 with an argument that J.F. testified differently from her prior statements and from other people's statements. Even if counsel could have challenged J.F.'s testimony after she testified, there is no reasonable probability of a different result. The court simply would have noted that her inconsistencies in testimony were something that counsel could explore in cross-examination and on argument.

   The Court finds that Ground 9 does not present a substantial claim of ineffective assistance of counsel.

**IV.    CONCLUSION**

   It is therefore ordered that respondents' motion to dismiss (ECF No. 41) is granted. Grounds 5, 6, 7, and 9 of the first amended petition (ECF No. 11) are dismissed because they are procedurally defaulted.

   It is further ordered that respondents will have forty-five (45) days from the date of entry of this order to file and serve an answer, which must comply with Rule 5 of the Rules

///

Governing Section 2254 Cases in the United States District Courts. Petitioner will have forty-five (45) days from the date on which the answer is served to file a reply.

DATED THIS 2nd day of February 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE